U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

DEC 18 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MADELINE H. HAIRE, ET VIR | CIVIL ACTION NO. 09-1214 |
| VERSUS | JUDGE DONALD E. WALTER |
| XTO ENERGY INC., ET AL | MAGISTRATE MARK HORNSBY |

## ORDER

Before this Court is a Motion to Dismiss First Supplemental and Amending Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Record Document 19][1], filed on behalf of defendant, XTO Energy Inc., et al. For the reasons set forth below, Plaintiff's Complaint against XTO Energy Inc. and T.S. Dudley Land Company, Inc. should be **DISMISSED**.

### I.  FACTUAL BACKGROUND

On June 14, 2008, Plaintiffs, through their counsel at that time, electronically submitted to Defendants a request for the Defendants to make an offer to lease Plaintiffs' mineral rights. Opposition [Record Document 21]. A lease form was attached to that request containing all of the relevant clauses and conditions normally negotiated between mineral lessors and lessees. *Id.* On or before June 20, 2008, Defendant XTO sent an electronic mail authorizing Defendant T.S. Dudley to submit the bid to Plaintiffs at a price of $13,111.01 per acre. *Id.* On June 20, 2008, Defendants made an oral offer to Plaintiffs, again through their counsel, of a bonus payment of $13,111.01 per

---

[1]The Defendants, XTO Energy Inc., et al, filed a Motion to Dismiss Petition [Record Document 5] on July 30, 2009. The Defendants have informed this Court that this previously filed Motion to Dismiss is moot as a result of the amended complaint and their filing of a new Motion to Dismiss which is the subject of this order.

1

acre and a twenty-five percent (25%) royalty. *Id.* Plaintiffs accepted that offer on June 24, 2008. *Id.* On or about June 23, 2008, Defendant T.S. Dudley sent an electronic mail to Defendant XTO stating that defendants had "gotten" Plaintiffs tract. *Id.* However, Defendants have as yet failed to honor the terms of their agreement made with Plaintiffs, and as such, Plaintiffs have been required to bring suit. *Id.*

XTO Energy Inc., et al allege that Haire, et vir have failed to state a claim against them. As a result, XTO Energy Inc., et al seeks to have the complaint against them dismissed.

## II. LAW AND ANALYSIS

### Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." When considering the motion, a district court "must take factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff." *Fernandez-Montes v. Allied Pilots Assoc., et al.*, 987 F.2d 278 (5th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion does not need to contain detailed factual allegations; however, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice. *Id.* The plaintiff's obligation is "to provide the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The Fifth Circuit has recently held that to survive a 12(b)(6) Motion to Dismiss "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007).

Plaintiffs allege that the parties entered into a valid mineral lease. In both of the parties'

briefs, they acknowledge the general premise in Louisiana law that for a mineral lease to be binding it must be in writing. *See* Motion to Dismiss First Supplemental and Amending Complaint [Record Document 19-2 at 5] and Memorandum in Opposition to Defendants' Motion to Dismiss [Record Document 21 at 3-4].

As the Plaintiff's state court petition makes clear they, through their counsel, sought bids for their property. XTO Energy through their agent T.S. Dudley made an oral offer. The Plaintiffs accepted this bid; however, Defendants never sent a mineral lease or drafts to the Plaintiffs.

Louisiana jurisprudence has recognized that leases need not be signed by the lessee to be binding on the lessee. The Louisiana Supreme Court has stated "while it is true the leases were not signed by lessee, yet it is clear that the lessee paid the rentals, and thereby, if not before then, showed its acceptance of the contract." *Fomby v. Columbia County Development Co.*, 155 La. 705, 99 So. 537, 541-42 (La. 1924). More recently, the Louisiana Third Circuit has held that "[w]hat is required is that the lessee indicates consent to the lease agreement." *St. Romain v. Midas Exploration, Inc.*, 430 So.2d 1354, 1357 (La. App. 3rd Cir. 1983). Plaintiffs cite these cases for support that a valid mineral lease exists in this instance. However, they miss the heart of the argument made by Louisiana state courts and that is there must be some indication on the part of the lessee that indicates they wish to be bound by the agreement. In *Fomby*, the Louisiana Supreme Court found that consent in the lessees payment of rentals and in *St. Romain*, the Louisiana Third Circuit found that consent in the oil company's giving of drafts to the Plaintiffs, attempting to sell the lease to other companies and finally the intense negotiations that went into the drafting the lease agreement.

Looking to the facts at hand, this Court cannot find any such showing of consent on XTO Energy or T.S. Dudley's parts. There were no serious negotiations over the leases, XTO did not pay

the Plaintiffs any drafts and finally there were no other signs to indicate that the Defendants consented to be being bound by the lease.

As such, the Plaintiffs cannot make out a cause of action under Louisiana law. Therefore, this Court is compelled to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

Plaintiffs fail to state a claim upon which relief can be given and as such their claims against XTO Energy Inc. and T.S. Dudley Land Company, Inc. are **DISMISSED WITH PREJUDICE**. **IT IS FURTHER ORDERED** that Defendants' first Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Record Document 5] is **MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _17_ day of December, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE